THEOPHILUS CUSHING, administrator, *vs.* INHABITANTS OF FRANKFORT.

Although a town meeting, at which certain persons were elected selectmen of the town, was invalid by reason alone of a defect in the constables' return upon the warrant, they were, nevertheless, selectmen *de facto;* and, as such, had a right to call other town meetings during their official term.

The question of the validity of the election of selectmen, who issued a warrant for a town meeting during their official term, is not open to the town when it appears that they were officers *de facto*, and that the meeting was otherwise legal.

ON REPORT.

ASSUMPSIT to recover a bounty for one John M. Lawry, deceased.

It appeared by the record of a town-meeting duly called, and held Jan. 28, 1865, that the town, under an appropriate article in the warrant, voted that the selectmen be authorized to pay a bounty of three hundred dollars, in addition to any State or United States bounty, to each and every person who should be regularly mustered into the military or naval service of the United States, as a volunteer or as a substitute for an enrolled or drafted man, and counted on the quota of Frankfort, under the then late call of the president.

It also appeared from a certificate of the provost marshal of the 5th district, dated Feb. 1, 1865, that Lawry was duly enlisted and mustered into the military service of the United States, on the quota of Frankfort, as a substitute for T. H. Cushing, an enrolled man in Frankfort.

It also appeared that the plaintiff made a demand of payment upon the proper town officers of Frankfort, before the commencement of the action.

The defendants, against the plaintiff's objection, read constables' returns upon warrants for annual meetings of March, 1860, 1861, 1862, 1863, and 1864, all of which were defective, the last named reciting that true instead of attested copies were posted at the different places named. The meeting was otherwise regularly called.

And the only objection to the meeting of Jan. 28, 1865, when the bounty was voted, was, that the selectmen were elected at the annual meeting of March, 1864, and the return was defective as above.

·The case was reported to the full court for a legal judgment.

*N. H. Hubbard*, for the plaintiff.

*C. H. Pierce*, for the defendants.

DICKERSON, J.    The meeting at which the bounty sued for was voted, was legally notified, if the persons, who issued the warrant therefor, as selectmen, had authority to act as such.

·  Though the meeting at which they were elected was invalid by reason of a defect in the return upon the warrant, they were, nevertheless, selectmen *de facto*, and, as such, had a right to call the meeting in question.    The question of the validity of the election of the selectmen, who issued the warrant for the town meeting, is not open to the town, where it appears that they were officers *de facto*, and that the meeting, at which the proceedings in question were had, was regularly notified, and, in other respects, legal.    It would be dangerous to permit such inquiry, since there would be no limit to the extent to which it might be carried, nor to the consequences that might result from its allowance.    *Williams* v. *School District*, 21 Pick. 80.    *Brown* v. *Lunt*, 37 Maine, 423.

*Judgment for the Plaintiff.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and DANFORTH, JJ., concurred.